| | |
|---|---|
| **STATE OF MAINE**<br>**Oxford, ss** | **Superior Court**<br>**Civil Action:**<br>**Docket No. : CV-24-** |

**SETH CAREY**                                    )        OXFSC-CIV-2024-00069
                                                 )
**Plaintiff**                                     )
                                                 )
**v.**                                            )        **COMPLAINT**
                                                 )
**ALIBABA.COM U.S. E-COMMERCE CORP**)
**ALIBABA.COM U.S., LLC, &**                      )
**ALIBABA GROUP US INC.**                         )
                                                 )
**Defendants**                                    )

NOW COMES Plaintiff Seth Carey ("Carey"), for his complaint against Defendants Alibaba.com US E-Commerce Corp., Alibaba.com US, LLC, & Alibaba Group US Inc., (collectively "Alibaba"), and alleges as follows:

**JURISDICTION AND NATURE OF THE COMPLAINT**

1.    This is an action to remedy the multiple faulty commercial tea bagging machines that Plaintiff purchased on Defendant's merchandise selling platform, as well as the shipping fiascos that ensued due to the misinformation and bad business practices of both of Defendant's sellers, which provided the substandard machines subject to this matter.

2.    Plaintiff is an adult resident of the town of Rumford, county of Oxford and State of Maine.

3.    Defendant Alibaba Group US Inc., is a corporation organized and existing under the laws of Delaware with its registered office at 3500 South DuPont Highway, City of Dover, County of Kent, State of Delaware.

4.    Alibaba.com US E-Commerce Corp., is a corporation organized and existing under the laws of Delaware with its registered office at 3500 South DuPont Highway, City of Dover, County of Kent, State of Delaware.

5.    Alibaba.com US, LLC, is a limited liability company, organized and

1

existing under the laws of Delaware with its registered office at 3500 South DuPont Highway, City of Dover, County of Kent, State of Delaware.

6.    Alibaba hosts a platform where merchants pay to sell their wares on Alibaba online.

7.    From his home and home office in Rumford, Maine, Plaintiff bought multiple tea machines from Defendants' platform that never worked properly.

8.    Defendants are liable for its tortious interference with Plaintiff's start-up tea-selling business that has been unable to move forward after several years due squarely to the negligence and willful bad business practices of Defendant.

9.    Defendants' actions have caused hundreds of pounds of valuable tea botanicals to spoil while they sit in Plaintiff's warehouse.

10.    Instead of simply replacing the faulty equipment, Defendants have chosen to fight Plaintiff, for no viable legal reason.

11.    Defendants have been obstructive, obtrusive, obtuse, in dealing with Plaintiff and his struggle to simply get a working commercial tea bagging machine so he can move forward with his tea company.

12.    Defendants have even gone to the despicable lengths of trying to derail Plaintiff's legal career by filing a meritless and frivolous bar complaint against Plaintiff.

13.    Defendants' wrongful acts have included several instances of unfair competition conversion, negligence, breach of contract, false light, appropriation, intrusion of seclusion, and disclosure.

14.    Plaintiff bought two tea bagging machines on Defendant's platform. The first was in or about the year 2018.

15.    The second machine was purchased in or about 2021.

16.    Neither machine was functional enough to bag more than a few bags of tea, despite the fact that they were advertised by Defendants' merchants as producing hundreds or thousands of bags per hour.

2

## FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

17.   Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 16 of the Complaint as if set forth fully herein

18.   Defendants Alibaba expressly stated and implicitly implied that goods bought on its platform are guaranteed to work properly, with no hidden fees and charges.

19.   Defendants breached the agreement to so provide merchandise in good working order when the machines ordered did not work, were of poor craftmanship and were unmitigated disasters and huge waste of time, effort and resources by Plaintiff and a bevy of individuals who attempted to fix the substandard tea machines.

20.   Furthermore, Defendants caused Plaintiff great mental and economic hardship when the first machine was stuck in customs in New York, and hundreds of dollars had to be paid to release the machine from the warehouse and shipper.

21.   This was despite that Plaintiff was not told that would be a problem or issue.

22.   Plaintiff had to pay a friend living in New York City to get the machine out of customs and pay the fees, then drive it to Maine.

23.   The second machine finally arrived months late to the wrong US coast (west coast- California) and had to be shipped to the east coast where Plaintiff is located.

24.   Then, to make matters worse, the machine would not be released by an agent of Defendants, to wit a shipping company, called King Freight.

25.   Plaintiff drove to Massachusetts to pick up the machine, although the agreement was that it would be shipped to Portland, Maine.

26. Despite Plaintiff making it very clear that Portland, Maine was on the east coast of the US, and should not be confused with the bigger Portland, Oregon, it still ended up on the wrong coast.

27 King Freight and the warehouse associated with it refused to release the machine unless something like $1700.00 was paid to them.

28. Plaintiff had risked all his money on this machine and getting it and bagging the tea botanicals he had collected.

29. He had already purchased 10,000 boxes to box the tea, as well as designing all the formulas, designs and marketing.

30. Getting the machine released before the storage added up to greater amounts was a great challenge and Plaintiff had to sleep in his car while he asked many family and friends for a loan to get the machine out of the warehouse where it sat.

31. Finally, a tea company out of Minnesota that he had met while looking to buy a machine in the US, agreed to lend Plaintiff the last $600.00 he needed to have the machine released.

32. In turn, Defendants breached their contract with Plaintiff to provide a working machine that was shipped to Plaintiff's home state without hidden charges and fees that were not part of the contract between the parties, not contemplated by Plaintiff and for which he was not able to pay without great hardship.

## SECOND CLAIM FOR RELIEF
### MISREPRESENTATION

33. Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 32 of the Complaint as if set forth fully herein.

34. Defendants and its partner sellers sold tea bagging machines to Plaintiff. They were defective and thus greatly affected Plaintiff's purported business and profit-making opportunities.

4

35. Based on Plaintiff's experiences with Defendants with two unique partners of Defendants, several years apart, it seems possible that no machines sold on Alibaba are operable and the shipping and importation are fraudulent.

36. Perhaps many customers have been defrauded in this regard, have been mistreated by Alibaba, yet have not been refunded or otherwise made whole because they were obstructed like Plaintiff in this matter.

37.    Therefore, Defendants are subject to liability for the considerable financial and pecuniary loss caused by justifiable reliance upon the product being viable and delivered as promised without added effort and hidden expense.

### THIRD CLAIM FOR RELIEF
### FRAUD

38.    Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 37 of the Complaint as if set forth fully herein.

39. Defendant and its partner companies contracted/promised to deliver working tea bagging machines that were shipped to Plaintiff's home state timely, with no hidden fees, costs and efforts.

40. Instead, through their platform, Defendants delivered not once, but twice, inoperable substandard, fraudulent machines.

41. Defendants fully failed to honor any part of these contractual obligations and knew about the substandard quality of their listings.

42. Plaintiff was also misled regarding shipping and importation of the goods.

43. He was faced with the prospect of losing his tea machines both times, that he waited months to be shipped, if he did not pay the hidden surprise custom fees.

44. He desperately had no choice but to come up with the money to have the machines released, or pay hundreds of dollars in fines per day.

5

45. Plaintiff and his prospective business suffered greatly because of these breaches of contract and fraud.

## FOURTH CLAIM FOR RELIEF
### TORTIOUS INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE

46. Carey re-alleges and incorporates by reference Paragraphs 1 through 45 of the Complaint as if set forth fully herein.

47. Plaintiff had a substantial economic expectancy in the fruits of his prospective tea business that was unique compared to any other tea company with organic homegrown tea botanicals, and with hemp, compared to all the major tea companies that use pesticides and bleach in their teas.

48. Defendants learned of and knew through contact by Plaintiff and small claims court filings of Plaintiff's economic expectancy that has Plaintiff reeling financially for years now through Defendants' negligence and willful mistreatment of Plaintiff, when all he wanted was what he was promised- a working tea bagging machine.

49. Defendants' acts were willful, oppressive, fraudulent and malicious. Carey is therefore entitled to punitive damages.

## FIFTH CLAIM FOR RELIEF
### VIOLATION OF MAINE UNFAIR TRADE PRACTICES ACT

50. Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 49 of the Complaint as if set forth fully herein

51. The acts and omissions of the Defendant, alleged above, constitute unlawful unfair and deceptive trade practices within the meaning of Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A et seq. ("UTPA") *et seq.*

52. Defendants' acts and omissions in aiding in the transfer of a faulty and inferior product that was sold to Plaintiff, for financial gain, then both

6

ignoring Plaintiff and abetting the seller in making sure Plaintiff did not receive a refund, constitutes violation of MUTPA.

53.  Defendants and each of them were unjustly enriched by their unlawful, unfair and deceptive conduct in an amount to be proved at trial

## SIXTH CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

54.  Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 53 of the Complaint as if set forth fully herein.

55.    Defendants and its partner sellers sold tea bagging machines to Plaintiff.  They were defective and thus greatly affected Plaintiff's purported business and profit-making opportunities.

56.  Defendants had a duty to only partner with reputable companies and to ensure they were selling operable working machines.

57. Defendants knew or should have known that a great deal or all of the tea bagging machines on their site were inoperable.

58. As a customer on Alibaba's website, Plaintiff was owed a fiduciary duty of fair dealing.

59. Through Alibaba's actions and inactions, Defendants breached that duty.

60. This breach cost Plaintiff great financial damage, emotional distress and a great deal of his time and effort.

## SEVENTH CLAIM FOR RELIEF
## CONSPIRACY

61.  Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 60 of the Complaint as if set forth fully herein

62.  Defendants and its associate sellers, through their actions and inactions, formed and operated a conspiracy to ensure they retained their ill-gotten gains at the expense and hardship of Plaintiff.

63.  As a result of Defendants' wrongful conduct, Carey has suffered damages

7

in an amount to be proved at trial in excess of the jurisdictional amount.

## EIGHTH CLAIM FOR RELIEF
### CONVERSION

64.    Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 63 of the Complaint as if set forth fully herein

65.    The Defendants, through their actions and inactions, took Plaintiff's valuable money, time and effort from him and converted it, giving Plaintiff no value in return.

66.    Defendants are liable for the tort of conversion.

## NINTH CLAIM FOR RELIEF
### NEGLIGENCE

67.    Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 66 of the Complaint as if set forth fully herein

68.    Defendants had a duty and contractual obligation to Plaintiff to deliver multiple tea bagging machines in working order.

69.    Defendants breached this duty when it allowed sellers selling fake goods to sell such good to Plaintiff, then instead of assisting Plaintiff in recovering those funds, made it much more difficult and obstructed him at every opportunity.

70.    But-for Defendants' actions and inactions, Plaintiff would have a successful and profitable business for years.

71.    Plaintiff has been damaged by this negligence.

72.    Therefore, Defendants are liable for negligence.

8

## TENTH CLAIM FOR RELIEF
### SLANDER

73.    Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 72 of the Complaint as if set forth fully herein.

74. Simply to gain an unfair advantage in these legal matters, Defendants, through their attorney, filed a bar complaint against Plaintiff.

75. Defendants accused Plaintiff of contacting them when represented by an attorney and impersonating the attorney, knowing fully that the attorney had expressly given the two sides his permission to discuss matters.

76. According to the Professional Ethics Commission Opinion #163, it is a violation of Bar Rule 3.6(c) to present disciplinary charges solely to obtain an advantage in a civil matter.

77. Rule 3.6(c) was taken from DR 7-105 of the A.B.A. Model Code of Professional Responsibility. Regarding the policy of the rule, ethical consideration (EC) 7-21 states that:

EC 7-21. The civil adjudicative process is primarily designed for the settlement of disputes between parties, while the process is designed for the protection of society as a whole. Threatening to use, or using, the criminal process to coerce adjustment of private civil claims or controversies is a subversion of that process; further, the person against whom the process is so misused may be deterred from asserting his legal rights and thus the usefulness of the civil process in settling private disputes is impaired. As in all cases of abuse of judicial process, the improper use of criminal process tends to diminish public confidence in our legal system.

78.    Attorney Walhquist presented these reckless or hopeful disciplinary charges solely to try to gain an unfair advantage in the underlying matter; i.e., to put Plaintiff on the defensive so he would drop the lawsuit.

79.    The lawyer wrote that he is "conflict averse" and he had a "professional and ethical obligation to do so."

80.    However, neither of those statements coincide with him writing even one professional letter to Plaintiff or picking up the phone and

9

calling his attorney and having the conversation that he and his partner were apparently "too busy" for.

## ELEVENTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

81. Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 80 of the Complaint as if set forth fully herein

82. Defendants' negligent infliction of emotional distress in negligently mistreating Plaintiff, has caused him a great deal of mental anguish.

83. Such negligent conduct occurred at a time when Plaintiff most down on his luck and struggling financially mightily.

84. Defendants' actions caused a harm that would reasonably be expected to befall the ordinary sensitive person.

85. Defendants' conduct caused the negligent infliction of emotional distress to Plaintiff Carey and it is liable.

## TWELFTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS –

86. Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 85 of the Complaint as if set forth fully herein.

87. Defendant's reckless and intentional infliction of emotional distress in undermining Plaintiff Carey's fledgling company has been tough to accept and deal with.

88. Such intentional outrageous conduct occurred at a time when he was struggling and bet everything on this tea bagging machine.

89. Defendants' actions caused Plaintiff severe emotional distress, grief and mental suffering.

10

## THIRTEENTH CLAIM FOR RELIEF
### CONSEQUENTIAL DAMAGES

90. Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 89 of the Complaint as if set forth fully herein.

91. Plaintiff had been saving funds to start a tea company since 2015.

92. He had spent years learning about tea, collecting various wild and cultivated herbs for tea and researching their medicinal properties.

93. He finally had enough to buy a tea bagging machine through Defendants in or about 2018.

94. He designed and painstakingly created the logos, theme, and layout of a tea box that would hold the tea bags for sale to the public.

95. He ordered 10,000 boxes through a reputable seller of Defendants.

96. He has been storing those boxes for more than six years as Defendant has defrauded him and caused much anguish and consternation now twice, through two separate incidents where he has been given the run-around and had to deal with two defective machines.

97. This has been difficult to deal with and accept for sure, but perhaps worse are the potential lost profits.

98. Plaintiff had and still has great dreams of success with his unique herbal and hemp teas.

99. An expert would better know the value of the six years of lost profits, which Plaintiff plans to present at trial.

## FOURTEENTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT

100. Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 99 of the Complaint as if set forth fully herein.

101. Defendants' intentional and malicious actions and inactions have resulted in economic gain at the hands of Plaintiff's economic damage.

102. Defendants' negligent, malicious and wanton actions have resulted

in unfair, untoward and unjust enrichment.

## FIFTEENTH CLAIM FOR RELIEF
### PUNITIVE DAMAGES

103.    Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 102 of the Complaint as if set forth fully herein.

104.    Defendants should have done the right thing- the easy thing from the start.  A Fortune-500 company worth billions of dollars should be able to admit when there is a faulty substandard product sold by its sellers.

105.    Defendants should have made it right.  All Plaintiff wanted was what he paid and sacrificed greatly for.

106.    Instead, Defendants have cruelly turned this into a nightmare, simply for the perverse motive of crushing anyone who dares to stand up for themselves and to say this has not been a proper way to do business.

107.    Since the actions of Defendant were intentional and malicious, just to be unnecessarily vexing to a struggling fledgling entrepreneur, punitive damages are surely in order in this matter.

## SIXTEENTH CLAIM FOR RELIEF
### ATTORNEYS FEES

108.    Plaintiff Carey re-alleges and incorporates by reference Paragraphs 1 through 107 of the Complaint as if set forth fully herein.

109.    Although currently without the financial means to hire an attorney, if he is able to secure an attorney in this matter, Plaintiff would incur attorney's fees in the prosecution of this matter.

110.    Plaintiff requests that he be awarded his reasonable attorney's fees incurred in this lawsuit.

12

**JURY TRIAL**

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Carey prays that this Court enter judgment against Defendants as follows:

1. A new high-capacity fully-functional commercial tea bagging machine with a warranty of at least five years.

2. Actual, expectation, consequential, punitive, and exemplary damages of a total of $1,000,000;

3. Disgorgement, lost profits, restitution, consequential damages, expectation damages and reasonable attorneys' fees according to statute;

4. On all claims, for attachment and trustee process under MRCivP 4(A) and 4(B) respectively, a preliminary and permanent injunction barring Defendant from moving any of funds involved tangentially in this action.

a. for costs of suit; and

b. for such other and further relief as the Courts deems just and appropriate

Dated at Rumford, Maine this 17th day of October, 2024

/s/ Seth T. Carey

_____

Seth T. Carey, Plaintiff
1746 US 2
Rumford, ME  04276
(207) 418-1462
Seth.carey@outlook.com

13