UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SETH T. CAREY, | ) | |
| | ) | Civil Action No. 1:25-cv-13076-IT |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | **REPLY TO OPPOSITION TO** |
| | ) | **MOTION TO DISMISS** |
| | ) | |
| ALIBABA GROUP HOLDING LIMITED, | ) | **(Leave to File Granted August 6, 2026)** |
| ALIBABA.COM HONG KING LIMITED, | ) | |
| ALIBABA GROUP SERVICES LIMITED, | ) | |
| ALIBABA.COM U.S. E-COMMERCE | ) | |
| CORP., | ) | |
| ALIBABA.COM U.S., LLC, & | ) | |
| ALIBABA GROUP US INC. | ) | |
| | ) | |
| Defendants. | ) | |

In his opposition, Plaintiff downplays the fact that he has filed a virtually identical action before, which was dismissed and not appealed. In addressing the jurisdictional issue, he misconstrues the effect of issue preclusion. And his arguments on the merits fare no better. Defendants respectfully request that the Court dismiss the action.

## I.      The Maine judgment is preclusive as to relevant factual determinations.

Carey's principal argument is that since personal jurisdiction is forum-specific, a Maine court's judgment about personal jurisdiction in Maine cannot be preclusive as to personal jurisdiction in Massachusetts. That is true, but it is beside the point. The preclusion here is not as to the legal question of whether there was jurisdiction, but as to the factual findings underlying that. These specific findings were that, in the context of this transaction:

> none of the Alibaba defendants have a physical or legal presence in Maine, *nor are they involved in transactions between residents of Maine and sellers on*

> *Alibaba.com*. The Alibaba defendants *do not manufacture, sell, or deliver products* displayed on the website Alibaba.com. Nor does Alibaba ship products to Maine or involve themselves in transactions with Maine citizens, *as all sales, warranties, shipping, and distribution are handled by third party sellers*.

Doc. 20-5 (dismissal order from Maine Court) at 4-5 (emphasis added). The critical factual finding is that Alibaba does not ship the products as "all sales, warranties, shipping, and distribution are handled by third party sellers). *Id*. After the Maine court found those facts, Carey had the option of appealing the dismissal, but did not do so. Because he did not, the judgment, and the factual findings underlying it, became final, and those facts are preclusively determined as to this dispute.

That matters here, because what defeats personal jurisdiction is the fact that Alibaba was not the seller, not the shipper, and not the distributor. Put another way, it is not the "where" of the transaction that matters, it is the "who." The only contact with the forum that Carey invokes is the fact that at one point in the shipping chain, the product at issue passed through Massachusetts. But it did not do at Alibaba's direction, because Alibaba was not the seller, shipper, or distributor. And Carey cannot escape those factual findings, having litigated the issue, lost, not appealed, and seen the judgment become final.

Similarly, Plaintiff's repeated assertions that he had no means to determine prior to filing suit "which affiliated Alibaba entity administered each component of the transaction" misses the mark; the key issue on which there is a preclusive finding is that the shipping, distribution, and sale were not handled by Alibaba *at all*, but by third parties. Plaintiff cannot escape that finding, which is fatal to establishing personal jurisdiction over *Alibaba*—as opposed to the actual seller, shipper, or distributor—whether in Maine or Massachusetts.

Again, specific personal jurisdiction requires that (1) the defendant have sufficient contacts with the jurisdiction and that (2) the cause of action arise out of or relate to the forum-based

contacts. *Harlow v. Children's Hosp.*, 432 F.3d 50, 60–61 (1st Cir. 2005). The only forum-based contact Carey alleges is that the machines were briefly present in Massachusetts during the shipping process. That was not the result of actions by Alibaba, but by the third-party sellers and shippers. Accordingly, there are *no* alleged contacts with the forum here out of which the cause of action arises, and as a result, there is no specific personal jurisdiction.

Finally, contrary to Carey's argument, jurisdictional discovery is not warranted here. As noted, the key jurisdictional fact—that third parties, not Defendants—were the seller and shipper of the product in question, is preclusively decided, and is dispositive as to jurisdiction. Jurisdictional discovery would not; indeed, could not, change that. Accordingly, the Court should dismiss this action for lack of personal jurisdiction over the defendants.

## II.      Carey's arguments on the merits are not persuasive

None of Carey's arguments on the merits are successful. As to the contract claims, Carey asserts, relying heavily on a declaration not filed with his original complaint, that there are disputes about the role of the various entities in the transaction and that this cannot be resolved on a motion to dismiss. This misses the fact that it has already been preclusively decided that Alibaba did not manufacture, sell, or ship the allegedly defective machines to him. As a result, there is simply no viable contractual claim for defects in those machines. To the extent that he characterizes his claims as relating to representations, rather than to the quality of the goods sold, he suffers from several problems. First, Carey does not contest the validity of the disclaimers Defendants included with their motion. These disclaimers make clear that (1) the contracting entity with respect to the user agreement, such as it is, is Alibaba.com Singapore E-Commerce Private Limited, who is not a named party here, and (2) that users of the site assume all risks associated with the transactions, including as to quality, shipping, and breaches of warranty. Doc. 20-2 at 19–21 ¶¶ 5-11. These

alone are fatal to his contract claim. And Carey does not even address the fact that his contract claim is time-barred, thus forfeiting the point. *See Robles v. Selective Ins. Co. of America*, 2025 WL 2918874, *4 (D. Mass. Sep. 2, 2025 ("Courts in this district have held a party's failure to address in its opposition an argument raised in a dispositive motion 'amounts to a waiver of any objection to it.'") (citing *Agustsson v. E. Boston Sav. Bank*, 2018 WL 4696746, *2 (D. Mass. Sep. 29, 2018) and *Montany v. Univ. of New England*, 858 F.3d 34, 41 (1st Cir. 2017)).

Second, to the extent he asserts liability based on representations on the website, he again backs into a jurisdictional issue. He does not allege that he viewed the website or purchased the products in Massachusetts. Thus, even assuming that such viewing and purchasing could give rise to contractual liability, Massachusetts would not be the proper jurisdiction.

As to fraud and misrepresentation, while Carey asserts that the complaint "identifies the substance of the misrepresentations" he does not identify where in the complaint it does so, and similarly, cannot avoid the disclaimers, the existence of which he does not contest. The only fraud he claims is the alleged failure to deliver working machines. Doc. 1 ¶¶ 138–149. Nowhere does he describe specific representations made *by defendants* that the machines were of a certain quality. And in fact, Alibaba disclaims such, as Carey does not contest.

To the extent that Carey is asserting "fraud" based on Alibaba's responses to any "Trade Assurance" inquiries he may have made (and Defendants do not concede that he did) he has not identified even the approximate date of the inquiries or the substance of the responses. Companies may investigate claims made by customers at their discretion or by agreement, but "failing to give the customer everything they want" is not fraud or misrepresentation. Moreover, as discussed in Defendants state court reply and exhibits (Doc. 20-4), *if* Carey made a "Trade Assurance" purchase, it would have been subject to certain terms, that Carey does not dispute here, including

that he follow the specified Trade Assurance dispute resolution procedures and agree to the Alibaba Free Membership Agreement, which, as noted, contains disclaimers of liability. Defendants direct the court to Doc. 20-4, pages 2-4 and associated exhibits, for more extensive discussion of this issue.

Finally, Carey offers a half-page, undeveloped argument as to why his fourteen other claims should not be dismissed, which amounts to the contention that because there may be factual disputes, a motion to dismiss is not ripe. Carey fails entirely to grapple with the substance of the specific arguments made in support of dismissal, and accordingly, has waived any argument to the contrary. *See Robles*, *supra*. While the complaint may be dismissed on jurisdictional grounds alone, even if personal jurisdiction existed here, the claims fail on the merits at the pleading stage.

### III.     Leave to amend should not be granted.

If the Court dismisses, it should do so with prejudice and without leave to amend. This is for two reasons. First, to the extent that the dismissal is based on a failure of personal jurisdiction, because the actual responsible parties were third parties, amendment would be futile, as nothing could fundamentally change that fact and it is fatal to jurisdiction.

Second, though it is the first action Carey has filed in this court, it is not Carey's first bite at the apple. He previously filed two actions in Maine relating to this issue, both of which were dismissed. The first (*Carey v. Alibaba Group US Inc.*, SOPSC-CV-2023-00049) was dismissed in March 2024 for failure to serve. The second is the one referenced previously, *Carey v. Alibaba.com U.S. E-Commerce Corp. et al*, OXFSC-CIV-2024-00064, which was dismissed for lack of jurisdiction, as noted. Carey has had two attempts in Maine, and now one in Massachusetts. He still steadfastly refuses to litigate against the *actual seller or shipper*, whose identities he presumably knows and who are the actual cause of his alleged injuries. Instead, he continues to

litigate against entities that a court has already concluded were not the seller and did not ship the item.

What's more, Carey has a history of vexatious litigation, of which this action is only the latest in a pattern. *See* Docs. 20-6 and 20-7 (state court and administrative body orders detailing Carey's disciplinary history, including vexations litigation). The Court may consider this history in determining whether to grant leave to amend. *See Brown v. C2C Innovative Solutions, Inc.*, 2025 WL 2346894, *10 (D. Mass. Aug. 13, 2025) (dismissing an action based on lack of personal jurisdiction with prejudice based on a history of vexatious actions) This was Carey's third bite at the apple; he should not be granted a fourth.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss.

Dated:  August 6, 2026                                  Respectfully submitted,

/s/ Eamonn R. C. Hart
Eamonn R. C. Hart (BBO# 696913)
ehart@brannlaw.com
Brann & Isaacson
113 Lisbon Street
P.O. Box 3070
Lewiston, ME 04243-3070
(207) 786-3566

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I, Eamonn Hart, hereby certify that I served the foregoing document by filing it on CM/ECF, which will give notice to the Plaintiff as he has obtained CM/ECF privileges, and by emailing it to seth.carey@outlook.com.


Dated:  August 6, 2026                                     Respectfully submitted,


                                                /s/ Eamonn R. C. Hart
                                                Eamonn R. C. Hart (BBO# 696913)
                                                ehart@brannlaw.com
                                                Brann & Isaacson
                                                113 Lisbon Street
                                                P.O. Box 3070
                                                Lewiston, ME 04243-3070
                                                (207) 786-3566

                                                *Attorney for Defendants*